# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | § § § § § § § § § § § § CIVIL ACTION NO. 2:17-CV-00258-JRG |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant Apple Inc.'s Motion to Transfer Venue to the Northern District of California (Dkt. No. 25). This Motion is brought pursuant to 28 U.S.C. § 1404(a). Having considered the Parties' arguments and for the reasons set forth below, the Court finds that the Motion should be and hereby is **GRANTED**. It is therefore **ORDERED** that the above-captioned case be transferred to the Northern District of California.

### I.   BACKGROUND

#### A.  The Parties

Plaintiff Uniloc USA, Inc. is a Texas corporation and has maintained offices in Plano since 2007 and in Tyler since 2009. (Dkt. No. 30 at 2–3.) Defendant Apple Inc. ("Apple") is a California corporation with a principal place of business in the Northern District of California. (Dkt. No. 25 at 1.)

#### B.  Procedural History

On April 3, 2017, Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Uniloc") filed suit against Apple, alleging infringement of U.S. Patent Nos. 9,414,199; 8,838,976; and

(Dkt. No. 3) and Sur-Reply (Dkt. No. 43), Uniloc did not explain what types of documents were stored in its Plano office. (*Id.*) Uniloc has made these same representations with respect to Uniloc's witnesses and relevant documents before the Court in multiple cases. *See, e.g.*, Response to Motion to Change Venue, *Uniloc v. Apple*, Case No. 2:16-cv-638, Dkt. No. 21 (E.D. Tex. Nov. 29, 2016); Declaration of Sean Burdick in Support of Plaintiff's Opposition to Defendant VoxerNet LLC's Motion to Transfer Venue, *Uniloc USA, Inc., et. al v. Voxernet LLC*, Case No. 2:16-cv-644, Dkt. No. 21-1, ¶ 11 (E.D. Tex. Oct. 10, 2016); Declaration of Sean Burdick in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue to the Northern District of California, *Uniloc USA, Inc., et. al v. Huawei Enterprise Inc.*, 6:16-cv-99, Dkt. No. 28-1, ¶ 12 (E.D. Tex. July 22, 2016).

*2. Facts Revealed After Venue Discovery*

After the Court ordered venue discovery, responses to Apple's interrogatories and Sean Burdick's 30(b)(6) deposition revealed the following facts about Uniloc's witnesses, places of business, and relevant documents:

Uniloc has three offices: a Plano, Texas office, a Tyler, Texas office, and a Newport Beach, California office (relocated from its prior Irvine, California office). (Dkt. No. 60-1, Ex. A at 47:14–20, 57:4–10, 94:1–10.) Although Uniloc asserted on multiple occasions that Mr. Etchegoyen and Mr. Burdick have not resided or maintained a residence in the State of California as of April 3, 2017, and filed signed declarations affirming such representations in this case, Mr. Burdick testified in its 30(b)(6) deposition that Mr. Etchegoyen currently maintains a residence in Newport Beach. (Dkt. No. 60-1, Ex. A at 160:3–16.) Mr. Etchegoyen uses the single-family residence in Newport Beach "when he is doing business in Orange County." (*Id.* at 160:15–16.) He has owned this property "at least since 2010." (*Id.* at 160:3–7.) Since 2017, Mr. Etchegoyen has spent about twenty percent of his time in either Newport Beach or Irvine, California. (Dkt. No. 60-2, Ex. B at

2.) Similarly, since 2015, Mr. Burdick has spent only "about 1/3 of his time in Plano, Texas." (*Id.*) The remainder of his time is spent in Boise, Idaho, Newport Beach, California, and Irvine, California. (*Id.*) Although Uniloc originally stated that it had "only one" full-time employee, Tanya Kiatkulpiboone, in Irvine, California,[1] (Dkt. No. 30 at 2), discovery has revealed that Mr. Drake Turner, Uniloc Luxembourg's chief financial officer, resides and works in southern California, albeit from home rather than Uniloc's Irvine and Newport Beach offices. (Dkt. No. 60-1, Ex. A at 153:2–154:11.) Mr. Turner, who prepares Uniloc's financial documents and negotiates terms with lending companies that have security interests in Uniloc's patents, is in a position to have relevant and material information in this case. (Dkt. No. 60-1, Ex. A at 153:2–25 ("He negotiates terms with companies like Fortress that lend money."); Order Denying Motion to Change Venue, *Uniloc v. Google*, Case No. 2:16-cv-566, Dkt. No. 75, at 7 (E.D. Tex. May 15, 2017) ("Fortress, located in the Northern District of California, has a security interest in all three [of Uniloc's] asserted patents.").)[2]

In 2016, Uniloc's CEO represented to Chief Judge Clark that "Uniloc USA has two headquarters," the office in Plano and the office presently located in Newport Beach (that was relocated from Irvine). (Dkt. No. 25, Ex. 5 ¶ 2.) In its Response (Dkt. No. 30), Uniloc vehemently insisted that Uniloc's principal place of business is only in Plano, Texas. (Dkt. No. 30 at 1–2 ("Although Uniloc has been based in Plano for years, Apple attempts to exaggerate Uniloc's ties to California.").)[3]  However, discovery has expanded the Court's understanding of the use and implementation of Uniloc's Newport Beach office.  According to Mr. Burdick:

---

[1] Ms. Kiatkulpiboone, one of the prosecuting attorneys of the patents-in-suit, currently resides in Napa, California, which is in the Northern District of California. (Dkt. No. 60-1, Ex. A at 50:10–19.)

[2] In addition to Mr. Turner, an additional Uniloc Luxembourg board member, Mr. Chad Meisinger, resides in southern California. (Dkt. No. 60-1, Ex. A at 59:6–17.)

[3] When asked why Mr. Etchegoyen represented that Uniloc had a headquarters in California in a signed declaration in 2016, Mr. Burdick testified that Mr. Etchegoyen "has dozens of documents to sign every day, and my belief is and my testimony today is that he just simply didn't scrutinize [the declaration] as closely as he should have before authorizing

### A.  The Suit Could Have Been Brought in the Northern District of California

The parties do not dispute that this action could have been brought in the Northern District of California. Thus, the threshold requirement for a § 1404(a) transfer has been satisfied.

### B.  Private Interest Factors

*1. Relative Ease of Access to Sources of Proof*

When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. *Volkswagen II*, 545 F.3d at 316. Relevant evidence in patent cases often comes from the accused infringer and may weigh in favor of transfer to that location. *Genentech*, 566 at 1345.

Uniloc asserts that it has physical documents relating to the patents-at-issue in its Plano office. (Dkt. No. 30-7, Burdick Decl. ¶ 11.) However, the vast majority of Uniloc's documents are publicly available on the PTO's Public PAIR website. (Dkt. No. 60-1, Ex. A at 107:7–22, 118:2–24.) Uniloc's physical documents in Plano consist of prosecution history, prior art, and settlement documents. (*Id.* at 93:5–94:10.) Uniloc's prosecution history records for the provisional patent applications in this case do not contain "anything substantive[]" beyond what is reflected in the publicly available versions of those file histories on PAIR. (*Id.* at 95:4–23, 107:17–22.) In addition, approximately ninety-five percent of the Uniloc's prior art documents are cited in some form of patent office prosecution, downloaded from PAIR. (*Id.* at 107:7–16, 118:13–24, 119:11–22 ("Q. Can you ballpark for me the proportion of the prior art in Uniloc's prior art library that it originally acquired in electronic form? A. It's probably that same 95 percent approximation.").) The remaining documents, Uniloc's settlement documents, are not publicly available. However, all of Uniloc's physical documents in Plano are also electronically stored in Uniloc's file server, located in Irvine, California. (*Id.* at 103:8–104:6.)

witnesses would have. (*Id.*); *Genentech*, 566 F.3d at 1343 ("A district court should assess the relevance and materiality of the information the witness may provide."). Rather, Uniloc generally asserts that these witnesses have "historical knowledge regarding Uniloc's business." (*Id.*) In fact, Uniloc has not disputed Apple's assertion that Uniloc failed to present evidence of any third-party witness within this District with "relevant and material information" to this litigation. (Dkt. No. 25 at 10; Dkt. No. 30 at 9–11; Dkt. No. 43 at 2–3; Dkt. No. 64 at 3–4.)

Based on such evidence, the Court finds that this factor weighs in favor of transfer.

### 3. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Id.* at 1343 (citing *Volkswagen II*, 545 F.3d at 317).

Uniloc has only one party witness who resides within the Eastern District of Texas: Mr. Sean Burdick. Although Uniloc has represented, both in this case and in prior cases, that it has three potential witnesses working from its Plano office, discovery has revealed that Uniloc does not consider two of the three witnesses to have relevant information. (Dkt. No. 60-2, Ex. B at 1–2.) Indeed, the record reflects that Uniloc has been aware of the actual number of relevant witnesses residing in the Eastern District of Texas for some time, despite contradictory representations. *Compare* (Dkt. No. 40-2, Ex. 33 at 29 ("Kris Pangan and Sharon Setzler [sic] each have relatively little information to provide. As such, Uniloc recommends that you withdraw their notices.")), *with* (Dkt. No. 30 at 8 ("In any event, Uniloc's declarant identifies three potential party witnesses who work at its Plano office (its President Mr. Burdick, Sharon Seltzer and Kristina Pangan).")), *and* (Dkt. No. 30-7, Burdick Decl. ¶ 12 ("In addition to myself[, Sean Burdick,] there are two other

15

employees, Sharon Seltzer and Kristina Pangan, who work full-time at Uniloc's Plano, Texas office who have knowledge regarding Uniloc's day-to-day businesses.")), *and* Declaration of Sean Burdick in Support of Plaintiff's Opposition to Defendant VoxerNet LLC's Motion to Transfer Venue, *Uniloc USA, Inc., et. al v. VoxerNet LLC*, Case No. 2:16-cv-644, Dkt. No. 21-1, ¶ 11 (E.D. Tex. Oct. 10, 2016) ("[T]here are two other employees, Sharon Seltzer and Kristina Pangan, who work full-time at Uniloc's Plano, Texas office who have knowledge regarding Uniloc's business and royalties received by Uniloc from licensing its patents."), *and* Declaration of Sean Burdick in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue to the Northern District of California, *Uniloc USA, Inc., et. al v. Huawei Enterprise Inc.*, 6:16-cv-99, Dkt. No. 28-1, ¶ 12 (E.D. Tex. July 22, 2016) ("[T]here are two other employees, Sharon Seltzer and Kristina Pangan, who work full-time at Uniloc's Plano, Texas office who have knowledge regarding royalties received by Uniloc from its licensing activities."), *and* Declaration of Sean Burdick in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue to the Northern District of California, *Uniloc USA, Inc., et. al v. Tangome, Inc.*, 6:16-cv-380, Dkt. No. 19-1, ¶ 12 (E.D. Tex. July 22, 2016) ("[T]here are two other employees, Sharon Seltzer and Kristina Pangan, who work full-time at Uniloc's Plano, Texas office who have knowledge regarding royalties received by Uniloc from its licensing activities.").

       The Court finds such contradictory representations troubling, particularly because they are not isolated exceptions. Mr. Burdick, Uniloc's only party witness residing within the Eastern District of Texas, does not spend the majority of his time in the Plano office. (Dkt. No. 60-2, Ex. B at 2.) Mr. Burdick spends equally as much time in Plano, as he does in Boise, Idaho and in southern California. (*Id.*) In addition, Mr. Etchegoyen spends about twenty percent of his time in either Newport Beach or Irvine, California and owns a residence in Newport Beach, which he uses

when he "is doing business in Orange County." (*Id.*; Dkt. No. 60-1, Ex. A at 160:15–16.) Both Mr. Burdick and Mr. Etchegoyen have held around one hundred "top-level strategy meetings" in southern California, for Uniloc business purposes. (Dkt. No. 60-1, Ex. A at 54:2–55:11.) Mr. Etchegoyen separately travels to southern California every month to meet with Mr. Turner, Uniloc Luxembourg S.A.'s CFO. (Dkt. No. 60-1, Ex. A at 47:18–25.) All of these facts fly in the face of Uniloc's prior representations: that Uniloc had only one full-time employee, Tanya Kiatkulpiboone, working at its office in Irvine, California as of April 2017 (Dkt. No. 30-7, Burdick Decl. ¶ 10);[4] that Mr. Etchegoyen has lived in Hawaii since well before the filing date of the Complaint and does not maintain a residence in California (Dkt. No. 30 at 12);[5] and that Mr. Burdick does not work in California (Dkt. No. 43 at 2 n.3 "Apple also repeats its erroneous assertion that Uniloc's IP counsel lives and works in California.");[6] and that Apple "attempts to exaggerate Uniloc's ties to California" (Dkt. No. 30 at 1–2).[7] The Court finds that these Uniloc witnesses, witnesses that likely have information relevant to the case, would incur at least the same amount of inconvenience traveling to the Eastern District of Texas as they would to the Northern

---

[4] Mr. Turner, Uniloc Luxembourg S.A.'s CFO, and Mr. Meisinger, another Uniloc board member, both reside and work in southern California. (Dkt. No. 60-1, Ex. A at 59:6–11, 153:2–154:11.) Uniloc's failure to note that it has multiple employees residing and working in southern California, albeit from home and not from Uniloc's Irvine office, is misleading, given that travel within California is more convenient than travel from southern California to the Eastern District of Texas.

[5] Mr. Etchegoyen owns a single-family residence in Newport Beach which he uses "when he is doing business in Orange County," and spends about twenty percent of his time in either Newport Beach or Irvine, California. (Dkt. No. 60-1, Ex. A at 160:3–16.)

[6] Mr. Burdick testified in his deposition that he spends approximately one-third of his time in Newport Beach or Irvine, California, and has participated in approximately one-hundred executive meetings in southern California. (Dkt. No. 60-2, Ex. B at 2; Dkt. No. 60-1, Ex. A at 54:8–15.)

[7] Mr. Burdick testifying that at Uniloc USA's southern California meetings:

> [W]e acquire patents. We do due diligence on these acquisitions. We strategize in preparation for our negotiations with parties, both, you know, for whom we acquire patents and we negotiate and prepare for negotiations with outside counsel with other factions that do due diligence for us. They're top-level strategy meetings."

(Dkt. No. 60-1, Ex. A at 54:20–55:11.)

17

District of California. Furthermore, Ms. Kiatkulpiboone, a prosecuting attorney of the patent-in-suit, would incur substantially more inconvenience traveling to the Eastern District of Texas as she now resides in the Northern District of California. (Dkt. No. 60-1, Ex. A at 50:10–19.)

On the other hand, Apple has identified nine party witnesses that have relevant knowledge with respect to the accused products, six of whom are engineers. (Dkt. No. 25 at 11–12.) Uniloc argues that it would be unnecessary for all six of the engineer witnesses to testify at trial, and that "in reality, "Apple needs one or, at most two, engineers at trial." (Dkt. No. 30 at 12.) However, Apple explains that all of its witnesses are necessary to this case because "Uniloc's complaint asserts three unrelated patents against at least five separate pieces of Apple software (Maps, iTunes, iCloud, the App Store, and iOS software updates)." (Dkt. No. 40 at 4.) Each party witness has a different position, each related to one of the multiple accused functionalities. (Dkt. No. 25 at 11–12 (describing each party witness's position at Apple, ranging from an "Apple Software Engineering Manager for the Maps Predictions and Extensions team" to the "Engineering Manager on Apple's iOS Restore Team" to "an Apple Senior Software Engineer who is knowledgeable about Apple's UDID and how it is generated").) Apple's counsel "personally interviewed" the engineers who work on the accused functionalities, and represented that the identified party witnesses are the witnesses who can offer testimony in support of Apple's non-infringement case. (Hearing Tr. at 8:5–23.) Uniloc responds that it is willing to take the videotape deposition of Apple's party witnesses for use at trial in this Court. (Dkt. No. 43 at 3.) However, it is improper to discount a party's stated desire to present live witness testimony even when deposition testimony is available. *See, e.g.*, *McDowell v. Blankenship*, 759 F.3d 847, 852 (8th Cir. 2014) ("While live witness testimony is axiomatically preferred to depositions, particularly where credibility is a central issue, Rule 32(a)(4) balances that preference against the practical need for some testimony

18

in situations where live testimony is impracticable." (citations omitted)). Apple has represented that it is Apple's intention to bring these witnesses in-person to testify to the jury. (Hearing Tr. at 9:18–25 ("It's not our intention to present them via videotape, and it's not our intention to—to make representations to you and then not provide these witnesses.").) In addition, even if the Court entertained Uniloc's assertion that "[*a*]*t most*, three engineers would be required at trial in this case," Apple's three engineer witnesses and three additional party witnesses are more than Uniloc's one party witness, who only resides part-time in the Eastern District of Texas.

Uniloc separately argues that Apple's Austin campus likely includes "numerous witnesses having knowledge relevant to this case," and that could "conveniently attend trial in this Court." (Dkt. No. 30 at 8.) However, Apple has provided unrebutted evidence that none of the engineers or teams working on the accused functionalities work out of Apple's Austin campus. (Dkt. No. 25-1, Michael Jaynes Decl. ¶¶ 7–13 ("As described below, no Apple employees who work on the functionalities described above are located in Texas.").) Indeed, Uniloc's own initial disclosures do not list any Apple Austin employees as potentially having relevant information. (Hearing Tr. at 33:3–25 ("And nowhere on Uniloc's initial disclosures is there anyone listed as potentially having relevant information who's located in Texas . . . every single person that they put on here has got California after their [] location.").)

Apple has named multiple party and non-party witnesses residing within the Northern District of California, while Uniloc has named only one employee who resides part-time in the Eastern District of Texas. Having considered the weight of the evidence, discussed herein, the Court finds that this factor weighs in favor of transfer.

*4. All Other Practical Problems*

"Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create

19

in this District since April 2012. (Dkt. No. 30-7, Burdick Decl. ¶ 7.) As a Texas corporation with multiple office locations within the Eastern District of Texas, Uniloc has an equally proportional connection to this District. Such connection should not be disoriented by focusing on the disparity in size of these different corporations.

Thus, given that both this District and the Northern District of California have localized interests in these cases, the Court finds that this factor is neutral.

### 3. Avoidance of Unnecessary Conflicts of Law

The Court agrees with the parties that there are no conflict-of-law issues apparent in this case. This factor is also neutral.

### 4. The Familiarity of the Forum with the Governing Law

The Court agrees with the parties that both courts are equally familiar with patent law. The final public factor is neutral.

## IV. CONCLUSION

While five of these factors are neutral, two favor transfer, and one disfavors transfer, the Court finds that the significant number of both party and non-party witnesses in California have shown that the convenience of the witnesses weighs strongly in favor of transfer. This is especially true where Uniloc has no such witnesses in the Eastern District of Texas. In fact, the majority of Uniloc's relevant party witnesses reside at least part-time within the State of California, within the Northern District of California's subpoena power. Ultimately, this tips the scales in this particular case towards transfer.[8]

For the reasons stated above, Apple's Motion to Transfer Venue (Dkt. No. 25) is **GRANTED**.

---

[8] Having considered the relevant factors, the Court is of the opinion that Apple has satisfied its "significant burden" to show good cause as to why this case should be transferred. *Volkswagen II*, 545 F.3d at 315 n.10.

**So ORDERED and SIGNED this 22nd day of December, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE