# EXHIBIT AA



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNILOC USA INC. AND UNILOC LUXEMBOURG, S.A., | § § | |
| PLAINTIFFS, | § § | |
| V. | § | CAUSE NO. 1:17-CV-754-LY |
| BOX, INC., | § § § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court in the above-styled and numbered cause are Defendant Box, Inc.'s Motion to Transfer Venue to the Northern District of California filed October 19, 2017 (Dkt. No. 20), Plaintiffs' Opposition to Defendant Box Inc.'s Motion to Transfer Venue to the Northern District of California filed October 26, 2017 (Dkt. No. 22), Defendant Box, Inc.'s Reply in Support of its Motion to Transfer Venue to the Northern District of California filed December 6, 2017 (Dkt. No. 32), and Defendant Box, Inc.'s Notice of Decision Regarding its Motion to Transfer Venue to the Northern District of California filed December 13, 2017 (Dkt. No. 33). Having considered the motion, response, reply, notice, and the applicable law, the court will grant the motion to transfer for the reasons that follow.

I. **BACKGROUND**

This case is a refiling of a case filed by Uniloc USA, Inc. and Uniloc Luxemborg, S.A. ("Uniloc") against Box, Inc. ("Box") in the United States District Court for the Eastern District of Texas in August 2016. *See Uniloc USA, Inc. v. Box Inc.*, No. 2:16-CV-860 (E.D. Tex. filed Aug. 2, 2016); *Uniloc USA, Inc. v. ADP, LLC*, No. 2:16-CV-741 (E.D. Tex.) (consolidated case in which claims against Box were litigated). Uniloc voluntarily dismissed its claims against Box

their physical location to the trial venue, acting under the assumption that electronically stored documents are, in fact, physical." *Uniloc USA, Inc. v. Chief Architect, Inc.*, No. 6:15-CV-1003-RWS-KNM, 2016 WL 9229319, at *2 (E.D. Tex. Dec. 2, 2016).

Uniloc also claims that it has no facility in Northern California at which it could download its documents. This seems implausible, as Uniloc is in the midst of litigating at least two suits in Northern California—one of which alleges infringement of the '228 patent at issue in this case. *See e.g., Nutanix, Inc. v. Uniloc USA, Inc*, No. 4:17-CV-03181-JSW (N.D. Cal.) (alleging infringement of the '228 patent); *Uniloc USA, Inc. v. Logitech, Inc.*, No. 3:17-CV-06733-JSC (N.D. Cal) (suit filed by Uniloc in Northern California); *Uniloc Luxembourg, S.A. v. Broderick*, No. 4:15-CV-00706-RC, Dkt. Nos. 16 & 21 (request and transfer to the Central District of California).

The Federal Circuit's prediction in *Genentech* that the alleged infringer will typically produce more evidence was true in litigation over the '228 patent in the Eastern District of Texas—Box produced far more evidence than Uniloc. *See* 566 F.3d at 1345. Box's sources of proof, including paper documents, electronic documents, and human witnesses are all located in Northern California. On balance, it would be more inconvenient for Box to litigate in this district than for Uniloc to litigate in Northern California. When considering the relative ease of access to proof, this factor favors transfer.

### 2. Availability of Compulsory Process to Secure Attendance of Witnesses

Under Federal Rule of Civil Procedure 45, this court may not enforce a subpoena on a non-party witness outside the state of Texas. *See* Fed. R. Civ. P. 45(c)(1). Box designed, developed, and commercialized the accused product at its headquarters in Northern California, and all former employees of Box who designed and developed the accused product live in

Northern California. Uniloc executives also reside in California. Testimony from these witnesses would be relevant, and Northern California has absolute power to subpoena these witnesses under Rule 45, while Western Texas does not. *See* Fed. R. Civ. P. 45(c)(1); *see also Volkswagen II*, 545 F.3d at 316. It is of no consequence that Box does not know whether these witnesses will require the use of the court's subpoena power. The focus of this factor is not whether a witness *may* become an unwilling witness, or whether a court *may* need to invoke its subpoena power; rather, the focus is on the *availability* of process to secure attendance of a witness if need be. *See Volkswagen II*, 545 F.3d at 316 ("[T]he venue transfer analysis is concerned with convenience, and that a district court can deny any motions to quash does not address concerns regarding the convenience of parties and witnesses."). Because the majority of key witnesses are within the absolute subpoena power of Northern California, this factor weighs in favor of transfer.

### 3. Convenience and Cost for Willing Witnesses

"The convenience of the witnesses" is the "the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (internal citation and punctuation omitted). It is an "obvious conclusion that it is more convenient for witnesses to testify at home and that . . . additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment, family, and community." *Volkswagen II*, 545 F.3d at 317 (internal citation and punctuation omitted).

Box points to specific witnesses with highly relevant testimony that it intends to rely on in proving its case; all of these witnesses reside in Northern California. Box agrees that known Box witnesses or third party witnesses are located in Texas, no Uniloc witness is located in

Western Texas, and a number of high-ranking Uniloc officials reside in California. In contrast, Uniloc vaguely points to several witnesses at the Austin Box office that have relevant information, but not with specificity—most of these employees had no involvement with the accused product, nor did they have specific knowledge about design, development, marketing, or sales that would be relevant to this case. Because "most witnesses and evidence [are] closer to the transferee venue," this factor weighs in favor of transfer. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (applying Fifth Circuit law).

### 4. Other Practical Problems

In considering a transfer, this court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive," a consideration that weighs towards transfer in this case. *Volkswagen I*, 371 F.3d at 203.

"[M]ultiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer." *Uniloc USA, Inc. v. Chief Architect, Inc.*, 2016 WL 9229319, at *5 (citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). This factor is important in some cases, where, for example, "the trial court became very familiar with the only asserted patent and the related technology during a prior litigation" or where "there is co-pending litigation before the trial court involving the same patent and underlying technology." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (applying Fifth Circuit law). But considerations of judicial economy and the existence of co-pending litigation are not dispositive in the transfer analysis. *See In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

However, Uniloc is currently litigating the validity of the only patent asserted in this case, the '228 patent, in Northern California. *See Nutanix, Inc. v. Uniloc USA, Inc.*, No. 4:17-cv-

7

transferee venue). On the other hand, Uniloc is a Texas corporation, Box has an office in Texas, and Texas "has a significant interest in preventing patent infringement within its borders and in protecting the patent rights of its citizens." *GSK Techs., Inc. v. Schneider Elec., S.A.*, No. 6:06-CV-361, 2007 WL 788343, at *4 (E.D. Tex. Mar. 14, 2007). But both Texas and California have an interest in preventing patent infringement, and Texas and California also have an interest in preventing violations of the law by corporations headquartered within their borders. On balance, this factor is neutral.

## V. CONCLUSION

A movant seeking to transfer bears the evidentiary burden of establishing that the desired forum is more convenient than the forum where the plaintiff filed the case. *See Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. Box has met its burden of showing that the Northern California is the more convenient forum. All four private factors weigh in favor of transfer, one public-interest factor weighs against transfer, and three public-interest factors are neutral. Accordingly,

**IT IS ORDERED** that Defendant Box, Inc.'s Motion to Transfer Venue to the Northern District of California filed October 19, 2017 (Dkt. No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-styled cause is **TRANSFERRED** to the United States District Court for the Northern District of California.

SIGNED this **6th** day of June, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE