**EXHIBIT AF**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2019 MAR 28  PM 4:29

| | | |
|---|---|---|
| UNILOC USA, INC. AND<br>UNILOC LUXEMBOURG, S.A.,<br>　　　　PLAINTIFFS,<br><br>V.<br><br>APPLE INC.,<br>　　　　DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. A-18-CV-0158-LY |

## ORDER TRANSFERRING VENUE TO NORTHERN DISTRICT OF CALIFORNIA AND DISMISSING MOTION TO DISMISS WITHOUT PREJUDICE

Before the court in the above-styled and numbered patent-infringement action are Defendant Apple Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed June 12, 2018 (Clerk's Document No. 37), Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s (collectively "Uniloc") Plaintiffs' Initial Opposition to Defendant Apple Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) filed June 26, 2018 (Clerk's Document No. 39, Plaintiffs' Combined Opposition to Defendant Apple Inc.'s Motions to Transfer Pursuant to 28 U.S.C. § 1404(a) filed February 15, 2019 (Clerk's Document No. 55), and Apple's Reply In Support of Its Combined Motions to Transfer filed March 1, 2019 (Clerk's Document No. 56). Apple requests that the court transfer this action to the United States District Court for the Northern District of California, arguing that in the interest of justice California is a more convenient forum for the parties and witnesses involved in the case. Having considered the motion, response, reply, and applicable law, the court will grant the motion and transfer the case to the Northern District of California.[1]

---

[1] Also pending before the court is Apple Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed May 9, 2018 (Clerk's Document No. 29), which the court will dismiss without prejudice.

**Background**

Uniloc Luxembourg, S.A. is a Luxembourg entity with its principal place of business in Luxembourg. Uniloc U.S.A., Inc., maintains its principal business office in Newport Beach, California, has headquarters in Irvine, California, and has maintained offices in Plano, Texas, since 2007, and in Tyler, Texas, since 2009. Apple is a California corporation, with its principal place of business in Cupertino, California, which is within the Northern District of California. Apple also maintains places of business in Austin, Texas–a 1.1 million square-foot campus and a separate 216,000 square-foot campus. Apple employs more that 6,000 employees at these Austin facilities.

Uniloc alleges that Apple infringes Uniloc's rights to United States Patent No. 6,868,079, titled "Radio Communication System with Request Re-Transmission Until Acknowledged" issued March 15, 2005. Uniloc accuses certain of Apple's iPhones, iPads, and software products. Apple argues that the United States District Court for the Northern District of California is clearly the more convenient venue to litigate and try this case primarily because the disputes here lack any connection to Apple's Austin facilities, and all but one relevant witness is located within the Northern District of California.

**The law**

Transferring venue of an action is appropriate "[f]or the convenience of the parties and witnesses, in the interest of justice" to any district "where [the lawsuit] might have been brought." 28 U.S.C. § 1404(a) ("Section 1404(a)"). A patent-infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) ("Section 1400(b)"). The threshold question for transfer under Section 1404(a) is whether this case "might

*Marine*, 134 S.Ct. at 581 n.6. "Plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), [and the Supreme Court has] termed their selection 'the plaintiff's venue privilege.'" *Atlantic Marine*, 134 S.Ct. at 581. In the Fifth Circuit, the venue privilege contributes to the defendant's elevated burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *see also Nintendo*, 589 F.3d at 1200.

The court has considered Uniloc's forum choice to proceed in this court. The court concludes, however, that Apple has met its burden to show that the Northern District of California is clearly more convenient for the parties and witnesses.

**Conclusion**

The court has considered all of the relevant private- and public-interest factors as well as Uniloc's preference to maintain the action in this court. A significant number of party and non-party witnesses are in California and Apple has shown that the convenience of the witnesses weighs strongly in favor of transfer. Additionally, most of the relevant witnesses determined as of this stage in the litigation are within the subpoena power of the Northen District of California and are beyond the subpoena range of Western District of Texas. Having considered the relevant factors, the court is of the opinion that Apple has satisfied its burden and shown good cause why the Northern District of California is clearly a more convenient forum for the parties and witnesses and that this action should be transferred to California.

**IT IS ORDERED** that Defendant Apple Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed June 12, 2018 (Clerk's Document No. 37) is **GRANTED** and this cause is **TRANSFERRED** to the United States District Court for the Northern District of California.

**IT IS FURTHER ORDERED** that because Uniloc filed a First Amended Complaint for Patent Infringement on May 30, 2018, Apple's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed May 9, 2018 (Clerk's Document No. 29) is **DISMISSED WITHOUT PREJUDICE.**

**FINALLY IT IS ORDERED** that the Clerk of Court forward the file to the United States District Court for the Northern District of California.

SIGNED this 28th day of March, 2019.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE