IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSALL DIVISION

| | |
|---|---|
| UNILOC 2017, LLC,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC.,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:18-cv-00491, -492,<br>-493, -494, -495, -496, -497, -498, -499, -500, -501, -502, -503, -504, -548 -550, -551, -552, -553<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO COMPEL VENUE DISCOVERY**

The Court's order granting Google's Opposed Motion for Entry of a Schedule to Govern Discovery and Briefing Pertaining to Standing and Venue sets an August 14 deadline to file motions to compel based on "unresolved document requests." Pursuant to that order, Uniloc moves the Court to compel Google to produce certain venue-related discovery requested by Uniloc on May 28, 2019 (*see* Exhibit A) and July 19, 2019 (*see* Exhibit B).

1. **Google should be compelled to produce (a) communications with facilities where Google's GGC servers were located, (b) alternative routing of content previously routed to the GGC servers in this district before allegedly being "drained," and (c) all information relied on by Keith McCallion in support of his declaration that GGC servers in the Eastern District of Texas were "drained."**

In *Seven Networks*, this Court previously determined that Google was subject to venue in this District, pointing to Google's Global Caching Servers (or "GGC"). Uniloc pointed to the same venue facts concerning these GGC servers in its complaints. However, Google's Motions to Dismiss allege that GGC servers were "drained" shortly after Uniloc's complaints were filed. In supports of its Motions to Dismiss for Improper Venue, Google emphasized these GGC servers. In particular, Google submitted the Declaration of Keith McCallion dated April 8, 2019, which indicated the following:

> 13. On November 23, 2018, the GGC servers located in the Eastern District of Texas were "drained" and therefore no longer cached any data. After the GGC servers were drained, there was no interruption in the delivery of Google content to users.

*See* Ex. O of Motions. From this statement, Google's Motions to Dismiss supplied multiple inferences.

Accordingly, Uniloc requested specifically tailored venue discovery concerning this allegation; and, Uniloc has been diligently working to obtain this discovery since May. *See* Ex. A. In June, Uniloc moved the Court to compel Google to comply with the Additional Disclosures requirement and produce the venue-related discovery it had requested, including:

(1) the sealed venue briefings in the cases of *SEVEN Networks, LLC v. Google LLC*, Case No. 2-17-cv-00442 (E.D. TX) and *Personal Audio LLC v. Google Inc.*, Case No. 1-15-cv-00350 (E.D. TX);

(2) information concerning the current location of the hardware corresponding to the GGC severs that were allegedly "drained" in November 2018,

(3) communications with the facilities where such GGC servers were located,

(4) information concerning whether such hardware has been removed from such facilities, and

(5) documents concerning the alternative routing of content routed to the GGC serves in this district before being allegedly being "drained."

Uniloc's first motion to compel was denied as moot after this Court entered its order governing venue discovery. On July 19, pursuant to the venue discovery order, Uniloc served requests for venue production, again requesting documents relating to Google's allegation that the GGC servers were drained.

Google has since agreed to produce certain documents pertaining to the alleged draining of the GGC servers and has produced certain relevant documents. Google refuses, however, to produce: (a) communications with facilities where Google's servers were located concerning Google's alleged draining, and/or removal of servers in the Eastern District of Texas, (b) alternative routing of content previously routed to the GGC servers in this district before allegedly being "drained," and (c) information relied on by Keith McCallion in support of his declaration that GGC servers in the Eastern District of Texas were "drained." *See* **Ex. B**, Response 10 (promising agreements but refusing communications), Response 27 (in response to Uniloc's request for documents and communications used in preparing declarations, promising instead

"documents upon which [Google] intends to rely in connection with its venue arguments"[1]); **Ex. C**, Response 6 (promising agreements but refusing communications); Response 8 ("Google does not intend to produce documents in response" to Uniloc's request for documents identifying alternative routing).

Google's communications with facilities concerning the alleged draining of the servers is relevant to Google's control *and* to Google's unsupported insinuation that the servers *remained* drained.  It is also relevant to the effect of the alleged "draining," including Google's allegation that there was no interruption of service caused by the alleged draining. Such communications would have occurred during a discrete period of time with a discrete number of individuals.  Given Google's own briefing, this discovery is relevant and proportional to the needs of this case. Documents concerning alternative routing of the content previously routed to the GGC servers are relevant and proportional for the same reasons.  Finally, the information Mr. McCallion reviewed in preparing his declaration is unquestionably relevant and proportional, particularly as the parties are scheduling his deposition.

2. **Google should be compelled to produce sealed filings and venue discovery produced in the cases identified by Uniloc in request for production no. 6.**

Uniloc's request no. 6 identifies nine specific cases where Google briefed similar issues concerning venue in this District.  Uniloc's request also identifies specific sealed filings in those cases that are relevant. Uniloc's requests nos. 7 and 8 seek venue related deposition transcripts and subpoena responses from the same cases.  With respect to the following cases, Google refuses to produce documents responsive to request nos. 6 - 8:

- *SimpleAir, Inc. v. Google LLC*, Case No. 2:16-cv-00388 (E.D. Tex.)
- *Trevor Blumenau LLC v. Google Inc. et al*, Case No. 2:16-cv-00144 (E.D. Tex.)
- *Eolas Technologies Incorporated v. Google Inc.*, Case No. 6:15-cv-01039 (E.D. Tex.)
- *Personal Audio LLC v. Google Inc.*, Case No. 1:15-cv-00350 (E.D. Tex.)[2]
- *Smartflash LLC et al v. Google LLC et al*, Case No. 6:14-cv-00435 (E.D. Tex)

Google argues the information in these cases may be outdated because they were filed before

---

[1] Uniloc explained at length during a meet and confer on August 12 that Uniloc is seeking the information relied on by Keith McCallion in making this declaration, not simply the documents Google "intends to rely in connection with its venue arguments."

[2] Google has produced limited documents from *Personal Audio* because those documents were included in Google's production in *SEVEN Networks*.

January 1, 2017.  An arbitrary cutoff date is not a sufficient ground for withholding production of relevant documents from these cases.  Google's objections to burdensomeness and proportionality should be overruled because Uniloc is seeking discrete sets of production from a discrete set of cases.  There can be little burden in producing sealed filings and in re-preproducing documents that have already been made.  Likewise, there can be little burden in producing venue related deposition transcripts and subpoena responses from those cases.

3. **Google should be compelled to produce non-privileged documents and communications used in preparing any of the declarations submitted by Google in support of venue or standing briefing.**

Uniloc's request no. 27 seeks documents and communications used preparing any of the declarations submitted by Google in this case.  Uniloc confirmed during a meet and confer that this request is limited to non-privileged documents and communications used to prepare any of Google's declarations submitted in support of Google's venue or standing briefing.  Google's response to this request promises only "documents upon which [Google] intends to rely in connection with its venue arguments in this case."  Uniloc explained that it is not seeking only the documents Google intends to rely (which arguably means only those Google intends to cite in its briefing) but the information reviewed by its declarants to prepare their declarations. Google's declarants should be able to easily identify this information.  Indeed, it is likely Google's declarants already compiled and circulated this information in the process of having their declarations reviewed.

4. **To the extent necessary, Google should be compelled to produce documents promised but not yet produced.**

Uniloc opposed the schedule proposed by Google in part because it invites motion practice by setting the deadline to file motions to compel on venue and standing discovery one week *before* the deadline to substantially complete venue and standing production.  During the parties' multiple meet and confers, Uniloc restated this concern. Google indicated that it believes the motion to compel deadline applies only to documents a party expressly refuses to produce before the motion to compel deadline.  Google stated that it does not believe the deadline precludes a party from filing a motion to compel on standing or venue discovery after the motion to compel deadline if a

dispute arises or an impasse is reached after the deadline. With due respect for Google's interpretation, such a procedure is not clearly stated in the order, which simply sets a deadline to file motions to compel on "unresolved document requests."

To the extent necessary under the order governing venue and standing discovery, Uniloc hereby moves to compel Google to produce the documents it has promised but not produced, including production of documents responsive to request nos. 13-21, 24 and 26[3].

## **CONCLUSION**

WHEREFORE, Uniloc respectfully requests that this court enter an order compelling Google to immediately produce:

(a) communications with facilities where Google's GGC servers were located in this District;

(b) alternative routing of content previously routed to the GGC servers in this district before allegedly being "drained;"

(c) all information relied on by Keith McCallion in support of his declaration that GGC servers in the Eastern District of Texas were "drained;"

(d) documents responsive to request nos. 6 – 8 from *SimpleAir, Inc. v. Google LLC*, Case No. 2:16-cv-00388 (E.D. Tex.), *Trevor Blumenau LLC v. Google Inc. et al*, Case No. 2:16-cv-00144 (E.D. Tex.), *Eolas Technologies Incorporated v. Google Inc.*, Case No. 6:15-cv-01039 (E.D. Tex.), *Personal Audio LLC v. Google Inc.*, Case No. 1:15-cv-00350 (E.D. Tex.), and *Smartflash LLC et al v. Google LLC et al*, Case No. 6:14-cv-00435 (E.D. Tex);

(e) non-privileged documents and communications used in preparing any of the declarations submitted by Google in support of venue or standing briefing; and

(f) to the extent necessary under the Court's order setting the deadline to move to compel venue and standing discovery, documents Google has promised but not yet produced, including production of documents responsive to request nos. 13-21, 24 and 26.

---

[3] The parties have discussed a possible limitation to request no. 26. If the parties reach such an agreement, Uniloc will consider this motion as applying to the request as limited.

| | |
|---|---|
| Date:  August 14, 2019 | */s/ Ryan Loveless* |
| | James L. Etheridge |
| | Texas Bar No. 24059147 |
| | Ryan S. Loveless |
| | Texas Bar No. 24036997 |
| | Brett A. Mangrum |
| | Texas Bar No. 24065671 |
| | Travis L. Richins |
| | Texas Bar No. 24061296 |
| | Jeff Huang |
| | Etheridge Law Group, PLLC |
| | 2600 E. Southlake Blvd., Suite 120 / 324 |
| | Southlake, TX  76092 |
| | Tel.:  (817) 470-7249 |
| | Fax:  (817) 887-5950 |
| | Jim@EtheridgeLaw.com |
| | Ryan@EtheridgeLaw.com |
| | Brett@EtheridgeLaw.com |
| | Travis@EtheridgeLaw.com |
| | JHuang@EtheridgeLaw.com |

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2019, the foregoing document was served upon all counsel of record for the Defendant via the Court's electronic filing system.

*/s/ Ryan Loveless*
Ryan Loveless

**CERTIFICATE OF CONFERENCE**

The parties conferred by phone on June 12, June 26, June 27, July 3, July 26, August 2, August 9, and August 12, 2019.  The parties were unable to reach agreement.

*/s/ Ryan Loveless*
Ryan Loveless