IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Civil Action Nos.  2:18-cv-00492-JRG-RSP<br>2:18-cv-00497-JRG-RSP<br>2:18-cv-00500-JRG-RSP<br>2:18-cv-00501-JRG-RSP<br>2:18-cv-00550-JRG<br>2:18-cv-00551-JRG<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANT GOOGLE LLC'S RENEWED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404</u>

# TABLE OF CONTENTS

                                                                              **Page**

BACKGROUND ............................................................................................................... 2

I.      THE VAST MAJORITY OF GOOGLE'S WITNESSES AND EVIDENCE ARE
        LOCATED IN THE NORTHERN DISTRICT .................................................... 2

II.     UNILOC 2017 HAS STRONG TIES TO CALIFORNIA ................................... 2

III.    MANY THIRD-PARTY WITNESSES AND EVIDENCE ARE LOCATED IN
        OR NEAR THE NORTHERN DISTRICT ......................................................... 4

LEGAL STANDARD ...................................................................................................... 8

ARGUMENT .................................................................................................................... 9

I.      THESE ACTIONS COULD HAVE BEEN FILED IN THE NORTHERN
        DISTRICT ......................................................................................................... 9

II.     THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER ................... 9

        A.      The Cost Of Attendance For Willing Witnesses Is Substantially Less In
                The Northern District ............................................................................. 9

        B.      The Availability Of Compulsory Process To Secure The Attendance Of
                Witnesses Heavily Favors Transfer ..................................................... 11

        C.      Easier Access To Sources Of Proof Heavily Favors The Northern District ........ 11

        D.      There Are No Practical Problems With Transferring These Cases .................... 12

III.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER ....................................... 13

        A.      The Northern District Has A Strong Interest In These Cases ............................. 13

        B.      The Remaining Public Interest Factors Are Neutral ........................................... 14

CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
    937 F. Supp. 2d 867 (E.D. Tex. 2013) ...................................................................11

*In re Biosearch Techs., Inc.*,
    452 F. App'x 986 (Fed. Cir. 2011) ........................................................................11

*In re Genentech*,
    566 F.3d 1338 (Fed. Cir. 2009)........................................................................8, 9, 11

*GeoTag, Inc. v. Aromatique, Inc.*,
    No. 2:10-cv-570, 2013 WL 8349856 (E.D. Tex. Jan. 14, 2013) ...........................12

*In re Google, Inc.*,
    No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ..................................14

*In re Hoffman-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)..............................................................................13

*LT Tech, LLC v. FrontRange Sols. USA Inc.*,
    No. 3:13-cv-1901-M, 2013 WL 6181983 (N.D. Tex. Nov. 26, 2013) ...................12

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)...........................................................................8, 14

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
    No. 6:09-cv-390, 2010 WL 3855520 (E.D. Tex. Sept. 30, 2010)...........................11

*Oyster Optics, LLC v. Coriant Am. Inc.*,
    Nos. 2:16-cv-1302, 2:17-cv-511, 2017 WL 4225202
    (E.D. Tex. Sept. 22, 2017) .....................................................................................13

*Realtime Data LLC v. Teradata Operations, Inc.*,
    Nos. 6:15-CV-463, 6:15-CV-470-RWS-JDL, 2016 WL 235183
    (E.D. Tex. Jan. 20, 2016) .........................................................................................9

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014)...........................................................................8, 10

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)........................................................................8, 9, 14

*Uniloc 2017 LLC v. Box, Inc.*,
    No. 4:18-cv-3432 (N.D. Cal. filed June 8, 2018) ....................................................3

*Uniloc 2017 LLC v. Microsoft Corp.*,
   No. 8:19-cv-780 (C.D. Cal., filed Apr. 29, 2019) .................................................................3

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ........................................................................................................12

*In re Verizon Bus. Network Servs. Inc.*,
   635 F.3d 559 (Fed. Cir. 2011) ..........................................................................................9

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .......................................................................................9, 11

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ...............................................................................9, 10, 14

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
   Nos. 2:10-cv-364-JRG, 2:10-cv-365-JRG, 2:10-cv-577-JRG,
   2:10-cv-578-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) ......................................13

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. June 24, 2010) ...........................................................................10

**Statutes**

28 U.S.C. § 1404 ..........................................................................................................1, 2, 3, 4

Tex. Bus. Orgs. Code Ann. § 9.251 ..........................................................................................13

**Rules**

Fed. R. Civ. P. 45 ..........................................................................................................11

Defendant Google LLC ("Google") respectfully moves to transfer these actions to the Northern District of California ("Northern District") pursuant to 28 U.S.C. § 1404. These actions should be transferred to the Northern District because it is clearly more convenient than the Eastern District of Texas ("Eastern District") for the parties, witnesses, and evidence likely to be presented.

Google's accused products are primarily developed and operated in the Northern District, where it is headquartered. Plaintiff Uniloc 2017 LLC ("Uniloc 2017") is registered as a business in California and maintains an office in Newport Beach, California. Current and former executives of Uniloc 2017 and its related entities either spend time or reside in California. The Northern District is also more convenient for third-party witnesses. For example, Fortress Investment Group ("Fortress") is a Northern California resident that incorporated and formed both Uniloc 2017 and Uniloc 2017's parent, CF Uniloc Holdings LLC ("CF Uniloc"); funded Uniloc 2017's patent assertion strategies; and appointed its own employees as officers and board members of Uniloc 2017 and CF Uniloc, many of which reside and work in the Northern District. The original assignees of the asserted patents—U.S. Patent Nos. 6,952,450 ("the '450 patent"), 6,329,934 ("the '934 patent), 6,519,005 ("the '005 patent"), 6,452,515 ("the '515 patent"), 6,628,712 ("the '712 patent"), and 7,012,960 ("the '960 patent")—are Koninklijke Philips Electronics, N.V. and U.S. Philips Corporation (collectively, "Philips"). Philips has an office in the Northern District in Pleasanton, California.

On the other hand, there are no meaningful connections between these actions and the Eastern District. Uniloc 2017 has few, if any, Texas-based employees and is not registered to do business in Texas. Uniloc 2017's only connection to the Eastern District is its litigation-focused Tyler, Texas office that may store few, if any, relevant physical documents that are also available online. The '450 and '934 patents have not been asserted against other defendants in the Eastern

District. Therefore, these actions should be transferred to the Northern District.

**BACKGROUND**

**I.    THE VAST MAJORITY OF GOOGLE'S WITNESSES AND EVIDENCE ARE LOCATED IN THE NORTHERN DISTRICT**

Google is headquartered in Mountain View, California, in the Northern District.[1] (Ex. A[2]

¶¶ 4–5.) ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ In contrast, Google has no offices in the Eastern District.

(Ex. C ¶¶ 3, 5.) The accused products are not provided in any Google data centers located in the

Eastern District. (*Id.* ¶ 4.)

**II.    UNILOC 2017 HAS STRONG TIES TO CALIFORNIA**

Uniloc 2017 has strong ties to California, and relevant Uniloc 2017 witnesses and

documents are likely located in California. Uniloc 2017 identifies in its Complaints that Uniloc

2017 has two offices, one of which is in Newport Beach, California, from which Uniloc 2017 has

been run. (*See, e.g.*, Civil Action No. 2:18-cv-00492, Complaint ("492 Complaint") ¶ 1.) ██████

███████████████████████████████████████████████

██████████████████[3]    ███████████████████████████

---

[1] Google's Mountain View headquarters, which include offices in Sunnyvale, California (Ex. A ¶ 5), is within the Northern District and is referred to herein as "Mountain View."

[2] Citations to "Ex." refer to the exhibits attached to the Declaration of Deepa Acharya in Support of Defendant Google LLC's Renewed Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[3] ███████████████████████████████████████████████
███████████████████████████. (Ex. D at 85:19–22, 141:16–142:4.)

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████.[4]

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████.[5] ████████████████

Uniloc 2017 alleges in its Complaint that its second office is in Tyler, Texas. (*See, e.g.*, 492 Complaint ¶ 1.) However, it is not registered to do business in Texas. (Vallery Decl.[6] ¶ 2; Ex. K.) Notably, in many suits filed in other districts, Uniloc 2017 has not identified its Tyler office as a place of business,[7] listing only its Newport Beach and Delaware offices. ████████████████ ████████████████████████████████████████████████,[8] and █████

---

[4] Mr. Etchegoyen estimated he spent ████████████████████████████████████████
████████████████████████████████████████████████████ and Mr.
Burdick testified that █████████████████████

[5] The relevance of these transactions to these cases is detailed in Google's concurrently filed Renewed Motions to Dismiss.

[6] Citations to "Vallery Decl." refer to the Declaration of Jo Vallery in Support of Defendant Google LLC's Renewed Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[7] *See, e.g.*, *Uniloc 2017 LLC v. Box, Inc.*, No. 4:18-cv-3432, Dkts. 18, 28 (N.D. Cal. filed June 8, 2018); *see also, e.g.*, *Uniloc 2017 LLC v. Microsoft Corp.*, No. 8:19-cv-780, Dkt. 1 (C.D. Cal., filed Apr. 29, 2019).

[8] ████████████████████████████████████████████████████
████████████████████████████████████████████████

███████████████████████[9]███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Uniloc 2017's connection to Texas is further weakened by Uniloc Licensing USA LLC

("Uniloc Licensing USA"), a Delaware company that ██████████████████████████

███████████████████████████████████████████████████████████████

█████████████ Although the building directory at the address of the Tyler office now states "Uniloc

2017," the same building directory in June 2019 listed "Uniloc USA, Inc." and the name of

Uniloc's outside litigation counsel, Jim Etheridge. (Tekell Decl.[10] ¶¶ 2–3.)

## III. MANY THIRD-PARTY WITNESSES AND EVIDENCE ARE LOCATED IN OR NEAR THE NORTHERN DISTRICT

Many relevant and known third-party witnesses and evidence are located in or near the

Northern District. Between 2014 and 2017 alone, ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████[11] █████████████████████████████

---

███[9]█████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████

[10] Citations to "Tekell Decl." refer to the Declaration of Amanda Tekell in Support of Defendant Google LLC's Renewed Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[11] Uniloc USA was previously a named plaintiff in and was only recently removed from four of these six cases. (Civil Action No. 2:18-cv-00492, Dkt. 86; Civil Action No. 2:18-cv-00497, Dkt. 85; Civil Action No. 2:18-cv-00500, Dkt. 90; Civil Action No. 2:18-cv-00501, Dkt. 82.)

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ Uniloc

Lux acquired the asserted patents and assigned them to Uniloc 2017, (Civil Action No. 2:18-cv-

00492, Dkt. 33-2 at 49, 57–59, 62–63), and ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ Chad Meisinger, a former board

member of Uniloc USA, currently resides in Orange County, California. (Ex. G at 5 n.2, 17 n.4;

Ex. W.)

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████[12] ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[12] Mr. Etchegoven ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████



The asserted patents list a total of eleven inventors, whom are identified as living in France, the Netherlands, and New York, making the Northern District at least as convenient as the Eastern District. Google is unaware of any inventors of the asserted patents in the Eastern District. The original assignee of the asserted patents, Philips, has an office in the Northern District in Pleasanton, California. (Ex. AS.) Thus, relevant witnesses and evidence related to the conception and reduction to practice of the claimed invention may be located in the Northern District.

The investment firm Fortress, a Northern California resident (Ex. Y), has relevant witnesses and documents in these cases. ████████████████████████████



Both ███████ and Fortress[14] have either loaned money to or funded Uniloc 2017 and its related

---

[13] ████████████████████████████████████████████████████████████

[14] Google filed a motion to compel Fortress in the District of Delaware (Ex. AA), seeking documents and testimony from Fortress in connection with this Motion and its concurrently filed

entities. These companies have information related to annual audits and third-party licensing agreements with Uniloc 2017 and other related Uniloc entities in which it has invested and Uniloc 2017's granting of its rights to control enforcement, settlement, and assignment decisions to Uniloc Licensing USA, CF Uniloc, and Fortress, as it relates to standing and other issues in these cases.[15]

More importantly, Fortress employees comprise Uniloc 2017's officers, Uniloc 2017's board members, and CF Uniloc's officers, many of whom reside in the Northern District and likely have relevant knowledge and documents related to at least the incorporation and formation of Uniloc 2017 or CF Uniloc, the ongoing business operations and strategy of Uniloc 2017 or CF Uniloc, and the 2018 transactions and agreements.[16] (*See infra*, Background § III.)

Renewed Motion to Dismiss. To the extent the Delaware court grants Google's motion, Google reserves its right to supplement this Motion with any relevant information thereby obtained.

[15] The relevance of this information to these cases is detailed in Google's concurrently filed Renewed Motions to Dismiss.

[16]

███████████████████████████████.[17] ████████████████████████████████

## LEGAL STANDARD

A case should be transferred to another district if it could have been brought in that district and would be "clearly more convenient" to resolve in that district. *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (en banc)). The proposed transferee forum is "clearly more convenient" where, as here, most potential witnesses and relevant evidence are concentrated in the transferee district. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *see also In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The determination is not whether the "transferee forum is *far* more convenient." *Toyota*, 747 F.3d at 1341 (emphasis in original). Nor does plaintiff's choice of venue carry any weight. *Nintendo*, 589 F.3d at 1200. Whether another district is sufficiently more convenient is determined by analyzing "private"[18] and "public"[19] interest factors. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

---

[17] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[18] The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

[19] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." *TS Tech*, 551 F.3d at 1319 (quoting *Volkswagen II*, 545 F.3d at 315).

## ARGUMENT

### I.    THESE ACTIONS COULD HAVE BEEN FILED IN THE NORTHERN DISTRICT

These actions could have been brought in the Northern District, because that is where Google maintains its headquarters, where it conducts business, and where it employs thousands of personnel. (*Supra*, Background § I; *Volkswagen II*, 545 F.3d at 312.) Accordingly, the transfer analysis turns on weighing the private and public interest factors.

### II.    THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER

#### A.    The Cost Of Attendance For Willing Witnesses Is Substantially Less In The Northern District

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (citation and quotation marks omitted). Here, the Northern District is more convenient for the potential party and third-party witnesses, and thus weighs heavily in favor of transfer. *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 561 (Fed. Cir. 2011) (granting mandamus and ordering transfer where there was a "stark contrast in convenience and fairness with regard to the identified witnesses"). Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 204–05 (5th Cir. 2004) (per curiam); *see TS Tech*, 551 F.3d at 1320; *Realtime Data LLC v. Teradata Operations, Inc.*, Nos. 6:15-CV-463, 6:15-CV-470-RWS-JDL, 2016 WL 235183, at *5 (E.D. Tex. Jan. 20, 2016) (finding that allowing witnesses to "remain in their home state . . . significantly minimize[s] the cost, time, and expense of travel to attend trial, which is the very purpose of § 1404(a)") (citation and quotation marks omitted).

There are several third-party witnesses likely to be called to testify in these cases that reside

and/or work in or near the Northern District. 

In addition, as discussed above, many third-party witnesses reside in or near the Northern District, including ███████████████████ In contrast, Google is not aware of any third-party witnesses who reside or work in the Eastern District. *Toyota*, 747 F.3d at 1340; *see also* Ex. L at 56:11–57:12. For example, Google is unaware of any relevant prior art authored, invented, or developed by persons from the Eastern District. The Northern District is at least as convenient for prior art witnesses.

The Northern District is also more convenient for party witnesses. ██████████ ██████████████████████████████████████████. (*Supra*, Background §§ I, II; Ex. G at 15–19.) Each of these witnesses will face a real and unnecessary burden in connection with traveling to the Eastern District for a trial, including time spent away from family, work, and community commitments, as well as the monetary expense and lost productivity costs incurred by Google and Uniloc 2017. *Volkswagen II*, 545 F.3d at 317.

In contrast, Google has no offices in the Eastern District. (Ex. C ¶¶ 3, 5.) ███████ ██████████████████████████████████████████████ *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. June 24, 2010) (finding this factor weighed in favor of transfer when the Eastern District is, among others, "convenient only for [the patentee's] litigation counsel," the patentee is not a Texas corporation, and its corporate officers do not reside in Texas). (*Supra*, Background § II.) Regardless, taking all of the relevant witnesses into consideration, they are outweighed by the numerous witnesses located in the Northern District

in favor of transfer. *Volkswagen I*, 371 F.3d at 205–06; *Genentech*, 566 F.3d at 1345.

**B.    The Availability Of Compulsory Process To Secure The Attendance Of Witnesses Heavily Favors Transfer**

A court may compel a third-party witness to attend depositions or trial within 100 miles from his or her residence. Fed. R. Civ. P. 45(c)(1)(A). "Transfer is favored when a transferee district has absolute subpoena power over a greater number of [third]-party witnesses" than the transferor district. *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013). "The fact that the transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly." *Genentech*, 566 F.3d at 1345.

As discussed above, there are many third-party witnesses who are relevant to these cases that are located in the Northern District or in California where the Northern District has subpoena power, but the Eastern District does not. Fed. R. Civ. P. 45(c)(1)(B)(ii). (*Supra*, Background § III, Argument § II.A.) Google is not aware of any relevant third-party witnesses who reside or work in the Eastern District. Given the one-sided balance of witnesses within the respective subpoena powers of the Eastern District and the Northern District, both parties will be better equipped to present relevant evidence at trial if these cases proceed in the Northern District, favoring transfer.

**C.    Easier Access To Sources Of Proof Heavily Favors The Northern District**

This factor "turn[s] upon which party . . . will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010). A patentee's ties with the District should be discounted "where an invention has no connection with Texas." *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 988 (Fed. Cir. 2011).

Much of the evidence, including evidence from Uniloc 2017, related Uniloc entities,

11

Fortress, and other third-parties, may come from or favor the Northern District, where many of these witnesses reside or spend time in California and are likely to have relevant documents. (*Supra*, Background §§ I, II, III.) The original assignee, Philips, has an office in the Northern District. (*Supra*, Background § III.) Thus, highly relevant and unique documents relating to defenses in these cases, such as non-infringement and invalidity, may be available there.

Google is unaware of any sources of evidence in the Eastern District that would outweigh the volume of potential evidence in the Northern District, as any relevant physical documents housed in Uniloc's Tyler, Texas office, which functions to support outside counsel in Uniloc litigations, are remotely available from anywhere. (*Supra*, Background § II.) Thus, there is minimal relevant documentary evidence—if any—in the Eastern District that is not also likely accessible from California. (*Id.*)

### D. <u>There Are No Practical Problems With Transferring These Cases</u>

There are no practical problems with transferring these cases, because these cases, at the time Google's initial Motion to Transfer was filed as well as today, is still in the early stage of litigation. Uniloc 2017's other separately filed cases against Google in this District should not sway the transfer analysis. *GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 WL 8349856, at *5 (E.D. Tex. Jan. 14, 2013). Moreover, the transfer analysis proceeds on an "individualized, case-by-case" basis. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Congress reinforced this longstanding principle through "the recently enacted America Invents Act" ("AIA"), directing that "each patent case will be treated separately" for purposes of resolving venue questions. *LT Tech, LLC v. FrontRange Sols. USA Inc.*, No. 3:13-cv-1901-M, 2013 WL 6181983, at *5 (N.D. Tex. Nov. 26, 2013). These cases are unrelated to the other Uniloc 2017 cases against Google, and

therefore, the relevant witnesses and documents will likely also be different.[20] *See, e.g., Oyster Optics, LLC v. Coriant Am. Inc.*, Nos. 2:16-cv-1302, 2:17-cv-511, 2017 WL 4225202, at *7 (E.D. Tex. Sept. 22, 2017) (citing *In re Google, Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017)). No practical problems exist; thus, this factor also weighs in favor of transfer.

## III.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

### A.    The Northern District Has A Strong Interest In These Cases

███████████████████████████████████████████████████████

████████████████████. (*Supra*, Background § I, Argument § II.A.) Because Uniloc 2017's allegations call into question "the work and reputation" of engineers responsible for these products as well as Google's reputation, the Northern District's "interest in th[ese] case[s] remains strong." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *see also Wireless Recognition Techs. LLC v. A9.com, Inc.*, Nos. 2:10-cv-364-JRG, 2:10-cv-365-JRG, 2:10-cv-577-JRG, 2:10-cv-578-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████

In contrast, Uniloc 2017 does not "transact[] business" under Texas law[21] and is not

---

[20] For example, the technology involved in these cases relates to video encoding for YouTube and Google Cloud Media & Entertainment Solutions, which is unrelated to the technology asserted in other Uniloc 2017 cases against Google, which relate to natural language processing for Google Search, Google WiFi, Google Photo, and Google Featured Snippets.

[21] Under Section 9.251 of the Texas Business Organizations Code, "maintaining or defending an action or suit or an administrative or arbitration proceeding, or effecting the settlement of: (A) such an action, suit, or proceeding; or (B) a claim or dispute to which the entity is a party" is one of fifteen carveouts that do not constitute "transacting business." ████████████████████
████

registered as a business in Texas (*i.e.*, a foreign entity). (Vallery Decl. ¶ 2.) Outside of litigation-related connections, Uniloc 2017's infringement allegations in its Complaints (*see, e.g.*, 492 Complaint ¶¶ 83–93) have no connection to the Eastern District that could not also be drawn to any other district. *See Volkswagen II*, 545 F.3d at 318 (noting these types of connections "could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected—directly and indirectly—by the controversies and events giving rise to a case"); *see also Nintendo*, 589 F.3d at 1198. The fact that Google makes its services and products available nationally does not establish an interest in having the case tried here. *TS Tech*, 551 F.3d at 1321. On balance, this factor weighs in favor of transfer. *Google*, 2017 WL 977038, at *3 n.3.

### B.  The Remaining Public Interest Factors Are Neutral

The remaining public interest factors are neutral. The time to disposition is about the same for both districts. (Exs. AQ–AR.) In addition, both districts are also familiar with and can apply the federal patent laws to this patent infringement case. *TS Tech*, 551 F.3d at 1320.

### CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court transfer these cases to the Northern District of California.

Dated:  October 18, 2019

Respectfully submitted,

/s/ *Robert W. Unikel*

Robert W. Unikel
Michelle Marek Figueiredo
Paul Hastings LLP
71 S. Wacker, Suite 4500
Chicago, IL 60606
(312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com

Robert R. Laurenzi
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000
robertlaurenzi@paulhastings.com

Elizabeth Brann
Ariell Bratton
Paul Hastings LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
(858) 458-3000
elizabethbrann@paulhastings.com
ariellbratton@paulhastings.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on October 18, 2019. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on October 18, 2019.

*/s/ Robert W. Unikel*
Robert W. Unikel

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h). The personal conference required by Local Rule CV-7(h) was conducted on June 26, 2019 via telephonic conference with the following participants: Robert W. Unikel, Elizabeth Brann, and Michael Jones for Google and Jim Etheridge, Ryan Loveless, and Travis Richins for Uniloc. This motion is opposed.

*/s/ Robert W. Unikel*
Robert W. Unikel

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the applicable Protective Orders.

*/s/ Robert W. Unikel*
Robert W. Unikel
