**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:18-cv-550 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC., | § | |
| Defendant. | § | |

**RESPONSE IN OPPOSITION TO GOOGLE'S MOTION FOR LEAVE
TO SUPPLEMENT ITS INVALIDTY CONTENTIONS**

Uniloc 2017, LLC ("Uniloc") files this response in opposition to Google, LLC's ("Google") motion for leave to supplements its invalidity contentions (the "Motion").

**INTRODUCTION**

Google's Motion lacks any evidence to meet its requisite showing of diligence needed to show "good cause" to supplement. Google seeks to supplement with three new publicly available patent references, Wee, Shimoda, and Birch, over two months after its original invalidity contentions. In correspondence leading up to this Motion, Google merely stated—without providing any evidentiary support—that "the new references were identified as a result of ongoing study and investigation of the asserted patent and related infringement theories" *See* Dkt. 91-13. And in multiple written communications leading up to the meet-and-confer conference, Google failed to provide any additional explanation regarding its discovery of the new references or possible diligence relating to the new references. Nor did Google's counsel identify any additional specific facts during the meet-and-confer conference other than a generic explanation. All three references were easily located searching the Google Patent Database (https://patents.google.com/) which allows a user to search and read the full text of patents from around the world.  Google's requested addition of these publicly available patents results in Google's invalidity contentions

1

jumping from a timely disclosed 60 combinations to a new 120 total combinations.  This is prejudicial to Uniloc, and there is no good cause to permit such addition at such a late date.

In filing its Motion, Google provides the additional facts of when its counsel discovered the new references, but this is still lacking. Google states in its Motion that "Google's counsel identified Shimoda on or around October 21, 2019, and Wee and the Birch References on or around October 23, 2019." Motion at 1. But Google's supporting declaration fails to address this date or its counsel's knowledge, and only provides the generic explanation noted above. Dkt. 91-1 at 1-2. Google's declaration fails to make any reference to the details regarding the discovery of the references, its counsel's knowledge, the alleged discovery dates, or the circumstances regarding the discovery of the references. Instead, Google's declaration merely states, for the first time, that "Wee, Shimoda, and the Birch References came to the attention of Google's counsel as part of prior art searching conducted in light of the parties' claim construction disclosures." Dkt. 91-1 at 1. Neither the Motion nor the declaration explain why Google's earlier searches were diligent and unable to identify the new references. Google, including Google's counsel, has had Uniloc's infringement contentions since June 17, 2019 (Dkt. 21), and the scope of Uniloc's infringement contentions has not changed. The burden of establishing diligence for the purpose of "good cause" lies with Google. Google has failed to meet that burden, and its Motion should be denied.

## BACKGROUND

This case was filed on December 31, 2018. Uniloc timely served its infringement contentions on June 17, 2019. *See* Dkt. 21. Under Local P.R. 3-4, Google's corresponding invalidity contentions would ordinarily be due on August 1, 2019 – 45 days later.  However, Google indicated it needed more time.  Uniloc stated its concern that the invalidity contentions are required in analyzing and preparing the Markman documents 4-1, 4-2, and 4-3 and Uniloc would

not agree to such an extension only to have Google request additional extensions down the road. Ultimately, Uniloc presented a proposal whereby Google could have the extra time it was seeking to August 26, 2019, provided that any additional extension on the P.R. 3-3/3-4 deadlines only be allowed upon a showing of good cause. Google agreed.

More than a month after this extended deadline, on November 1, 2019, Google disclosed three new patent references that it says were "identified as a result of ongoing study and investigations of the asserted patents and related theories." Motion, Ex. L.

The first and second references, Wee and Shimoda, are both United States patents, and the third reference, Birch, is both a United States patent application and an international patent application.   All three references are easily located searching the Google Patent Database (https://patents.google.com/) which allows a user to search and read the full text of patents from around the world.

The parties exchanged P.R. 4-1 disclosures on September 17, 2019 and exchanged P.R. 4-2 disclosures on October 8, 2019. Google waited to disclose the publicly available patents until after these dates. The opening *Markman* brief is due on December 10, 2019. *See* Dkt. 75 (First Amended Docket Control Order).  Google's requested addition of these publicly available patents results in Google's invalidity contentions jumping from a timely disclosed 60 combinations to a new 120 total combinations.  This is prejudicial to Uniloc, and there is no good cause to permit such addition at such a late date.

## AUTHORITIES

A party seeking to modify the Court's Docket Control order must show "good cause." Fed. R. Civ. P. 16(b). Under Local Patent Rule 3-6(b), a party may supplement its Invalidity Contentions "only by order of the Court, which shall be entered only upon a showing of good

3

cause." Local P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.* An exercise of diligence requires ***both*** diligence in ***discovering*** the prior art and diligence in ***promptly bringing*** new arts to the attention of the Plaintiff and the Court. *Innovative Display Technologies v. Acer Inc. et al,* Case No. 2:13-cv-522-JRG at 2 (E.D. Tex.) (Jun. 19, 2014) (Dkt. 71).

While a Court has broad discretion to grant untimely motions to amend pleadings, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

## ARGUMENTS

### I.   Google Failed to Establish the Reason for Delay and Provided Insufficient Information to Determine if the Delay was Reasonable.

With respect to the first factor, as noted above, Google has provided scant explanation for the delay, merely referring to the date its "counsel" allegedly learned of the three references. Motion at 1. But Google provided no evidence regarding the details of discovering the three references and why the three references were omitted from Google's initial P.R. 3-3/3-4 disclosures. Without this specific information, there is no way to determine if Google's delay was reasonable. On that basis alone, Google's Motion fails.

Even if Google had provided more details, there is no principled reason why Google should have missed the three references. This is not a case were the prior art is a hard-to-find publication

4

or prior art reference that is controlled by a third party. All three references are publicly available either as issued U.S. patents or U.S. Patent applications. And Google is in no position to claim to have missed a U.S. patent when it operates its own publicly accessible patent database. See https:/patents.google.com/ ("Google Patents"). Google boasts that Google Patents "includes over 120 million patent publications from 100+ patent offices around the world." See https://support.google.com/faqs/answer/7049585?hl=en&ref_topic=6390989.   Google   Patents even includes a proprietary tool to "Find Prior Art" for a particular patent. See, *e.g.*, https://patents.google.com/patent/US5666160A/en?oq=5666160 Google fails to explain why it did not discover the three references earlier despite its significant resources and tools. Uniloc should not be disadvantaged merely because the Google Patents prior art algorithm failed to identify the three references.

This first factor favors denying Google's Motion.

**II.    Google has Failed to Meet its Burden of Showing Diligence.**

With respect to the second factor, Google has failed to meet its burden to show the requisite diligence for "good cause." Google hinges its entire argument on a bald, carefully-worded statement first disclosed in its Motion—that "Google's counsel became aware of these references only through ongoing targeted prior art searching conducted in response to the parties' claim construction disclosures." Motion at 3.  All three references were easily located searching the Google Patent Database (https://patents.google.com/) which allows a user to search and read the full text of patents from around the world.

In looking at a "showing of diligence," this Court has previously looked to a party's diligence in ***discovering*** the references. More particularly, it is not enough that a Defendant "acted promptly in bringing [] new arts to the attention of the Plaintiff and the Court." *Innovative Display Technologies v. Acer Inc. et al,* Case No. 2:13-cv-522-JRG at 2 (E.D. Tex.) (June 19, 2014)(Dkt.

5

71). Rather, the Defendant must "explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions." *Id.* More particularly, "the critical issue is not what the party did after they discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in *discovering* the prior art." *Invensys Systems, Inc. v. Emerson Electric Co., et al.*, Case No. 6:12-cv-799-LED at 5 (E.D. Tex.)(Dec. 3, 2014)(Dkt. 248) (emphasis added) (internal citations omitted).

Nothing prevented Google from discovering the three references prior to its extended invalidity contention deadline. Each of the three references (Wee, Shimoda, and Birch) are all publicly available and indexed in searchable repositories. More particularly, the Wee and Shimoda references are U.S. patents that are searchable through multiple repositories such as the USPTO's website[1] and Google's patent search engines.[2] The Birch reference is a U.S. patent application and international patent application. Such patent applications are also searchable through Google's patent search engine.

Google says it conducted a search and didn't find these references; however, Google provides no details concerning the details of its search or the effort involved. Other than indicating that it missed these public references in an undefined search with unknown parameters, Google does not explain what prevented it from obtaining this publicly available information earlier. Instead, Google only offers that "Google's counsel became aware of these references only through ongoing targeted prior art searching conducted in response to the parties' claim construction disclosures." Motion at 3. However, that statement still doesn't explain why the three references

---

[1] *See* http://patft.uspto.gov/
[2] *See* https://patents.google.com/ and https://www.google.com/?tbm=pts

were not discovered during Google's previous prior art searches. Especially given that Google admits it had discovered "many prior art references" that it served in August. *See* Motion at 3.

The mere fact that it later discovered information after the extended deadline is not evidence of diligence. As previously noted by this Court:

> That it took Defendant more time beyond the original deadline to find these new arts, in and of itself, is no excuse for a late supplementation.  To hold otherwise would "render the explanation for the party's failure to meet the deadline a non-factor." (*See* Memorandum Opinion and Order at 6, Geotag v. Frontier Comm'n Corp et al., No. 2:10-cv-00265 (E.D. Tex. June 12, 2013), ECF No. 669.)

*Innovative Display Technologies* at 3.

Furthermore, Google's argument that the three references were only discovered in its search allegedly in response to the parties' particular claim construction disclosures is especially perplexing, given that Google presumably knew of its own proposed claim constructions well before the parties' exchange, and a review of Uniloc's disclosures shows that Uniloc merely proposed that either no construction was necessary for many of the terms or proposed a common-sense understanding of the term. Nothing in Uniloc's proposed constructions were "unforeseen" as Google argues. For example, for the term "transcoding," Uniloc proposes "convert from one form of coded representation to another," and for the term "seamless way," Uniloc proposes "without apparent gaps between one part and the next." Motion, Ex. K at 1. And for the term "to switch," Uniloc proposes "to move from one item to another" Motion, Ex. K at 3. And for "commutation device," Uniloc proposed that no construction is necessary. *Id.* Google's argument that any of the above proposed constructions would have been "unforeseen" is difficult to believe.

Adopting Google's argument that diligence can be shown by merely alleging that a prior art search didn't turn up a reference can lead to a dangerous precedent for future litigants – especially when the scope of the prior art search is unknown, as here.

This second factor favors denying Google's Motion.

### III.    The Three New References are Not Vital to Google's Case.

Under the third factor, a review of Google's proposed supplemental invalidity contentions demonstrates how the three references are not vital to Google's case. In its August 26 invalidity contentions, Google already identified at least sixty (60) combinations of prior art references that allegedly render the patent in suit obvious. The additional combinations based on the three new references are not vital.

And as Google all but admits, the three references are merely fungible, substitute primary references for those previously disclosed. For instance, Google states that the three new references "provide useful descriptions about a 'commutation device…'" (Motion at 4), and that "[t]he Birch References thus more straightforwardly read on the specific I picture disclosed…" (Motion at 6). Google's building block approach to its invalidity contentions reveals that the three new references are merely fungible references that could readily be interchanged with other primary references, other than perhaps providing additional "description" or being "more straightforward."  The three new references are thus not vital to Google's invalidity case.

Google attempts to bolster the importance by stating that the three references disclosure as "important" in certain areas should also be discounted. Motion at 4-6. This is merely the opinion of Google's counsel, not those of a person of ordinary skill in the art. Further, the allegation that the three references purportedly renders invalid the patents-in-suit can generically be said with *any* reference supplied with invalidity contentions.  Also, Google's argument as to "importance" is belied by its contention that the references are being used for an alternative claim construction. The Court should not give Google's assessment of the three references any weight.

The third factor supports denying Google's Motion.

## IV.    Uniloc Will Be Unfairly Prejudiced.

Under the fourth factor, Uniloc will be unfairly prejudiced by Google's untimely attempt to add the three references to its P.R. 3-3 disclosures.  Google delayed over a month after serving its Local P.R. 3-3/3-4 disclosures before identifying the three new references, and it now has been over two months since it first raised the issue. During that time period, the parties already provided their Local P.R. 4-1, 4-2, and 4-3 disclosures. And opening *Markman* briefs are due on December 10, 2019. Allowing Google to amend its P.R. 3-3 disclosures to include the three new references will detrimentally impact the proceedings. Such a supplemental will impact the previously disclosed P.R. 4-1 and 4-2 and 4-3 disclosures as the Local Patent Rules are structured to make the P.R. 4-1 and 4-2 and 4-3 disclosures with full knowledge of the P.R. 3-3/3-4 disclosures. The detrimental impact goes beyond this case. As the Court is aware, the schedule in this case is intertwined with other cases involving Uniloc and Google, and modifying it will disrupt the orderly administration of both this and other cases.

Uniloc already made both its P.R. 4-1 and 4-2 disclosures, and the parties have submitted the 4-3 disclosures. Uniloc relied on Google's initial disclosures in formulating its P.R. 4-1 and 4-2 disclosures, as well as in submitting the 4-3 disclosures. And the opening Markman brief is due in less than two weeks. Allowing Google to amend its contentions at this point will unfairly prejudice Uniloc.

Also, this Court can find a lack of good cause – even when there is no prejudice. As this Court recently held, "[a] lack of prejudice to [the plaintiff], supposing that there was truly no prejudice, is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from a failure based on harm to the opposing party alone." *Seven Networks, LLC v. Google, LLC*, Case No. 2:170cv-442 at 2 (E.D. Tex.) (June 8, 2018) (Dkt. 198).

The fourth factor favors denying Google's Motion.

## CONCLUSION

WHEREFORE, Uniloc respectfully requests that this court enter an order denying Google's Motion for Leave to Supplements its Invalidity Contentions.

Date:   December 3, 2019

_/s/ Ryan Loveless_
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
JHuang@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on December 3, 2019, the foregoing document was served upon all counsel of record for the Defendant via the Court's electronic filing system.

_/s/ Ryan Loveless_
Ryan Loveless