# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00550-JRG |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Supplement Invalidity Contentions ("the Motion") filed by Defendant Google LLC ("Google"). (Dkt. No. 91). In the Motion, Google asks for leave to supplement its invalidity contentions with three additional prior art references—U.S. Patent No. 6,104,441 issued to Wee et al. ("Wee"); U.S. Patent No. 5,631,742 issued to Shimoda ("Shimoda"); and U.S. Patent App. Pub. No. 2002/0154694A1 and International Patent Pub. No. WO1999013648A1 (collectively, "the Birch References") (together, collectively, "the Three Proposed References"). This Motion was filed several months after the deadline for submitting invalidity contentions. (*See* Dkt. No. 43) (setting deadline for invalidity contentions to be August 26, 2019). For the reasons described herein, the Court finds the Motion should be and hereby is **DENIED**.

### I.   Arguments of the Parties

Google argues that it should be permitted to supplement its invalidity contentions with the Three Proposed References by initially explaining that Uniloc proposed "previously unforeseen" claim constructions, and it discovered the references "as part of prior art searching conducted in light of the parties' claim construction disclosures." (Dkt. No. 91 at 1). Once discovered, Google

argues that it was diligent in charting these references and conveying them to counsel for Plaintiff Uniloc 2017 LLC ("Uniloc"). Google represents that "within 11 days after discovering these new references, Google "sent a letter to counsel for Uniloc, attaching the proposed supplemented invalidity contentions and supplemental claim charts and seeking Uniloc's consent to file an unopposed motion for leave to file the supplemented contentions, or an opportunity to meet and confer." (*Id.* at 1–2). Google further suggests that these prior art references are "important." *See id.* at 4 (citing *Alcatel USA Res., Inc. v. Microsoft Corp.*, No. 6:06-cv-500, 2008 WL 11348444, at *2 (E.D. Tex. Oct. 3, 2008) (Davis, J.)). Finally, Google argues that Uniloc is unlikely to be prejudiced because it can conduct additional discovery into these references, given that several months remain for both fact and expert discovery. (*See id.* at 6–7).

Uniloc argues that the Court should not permit Google to supplement its invalidity contentions because Google has failed to adequately demonstrate good cause for the supplement. As an initial matter, Uniloc notes that the three references were publicly available to Google long before Google's validity contentions. Uniloc argues that "[a]n exercise of diligence requires **both** diligence in ***discovering*** the prior art and diligence in ***promptly bringing*** new arts to the attention of the Plaintiff and the Court." (Dkt. No. 102 at 4). Uniloc disputes Google's proposed justification for diligence—unforeseen claim construction proposals—because Uniloc largely proposed plain meaning, and "Google presumably knew of its own proposed claim constructions." (*Id.* at 7). Notably, Google does not identify any specific claim construction proposals as unforeseen, nor does Google explain how those proposals led Google to find the Three Proposed References. With respect to whether the Three Proposed References are important, Uniloc argues that they are not, because "the three references are merely fungible, substitute primary references for those previously disclosed." (*Id.* at 8). Finally, Uniloc argues that the Three Proposed References would

be prejudicial, because it would require the parties to redo their claim construction disclosures, which had already been submitted and which were crafted in light of then-existing validity disclosures.[1]

## II. Legal Standard

Amendments and additions to a party's invalidity contentions are governed by Local Patent Rule 3-6(b). Patent Rule 3-6(b) requires a showing of good cause for untimely amendment or supplementation of invalidity contentions. *See* P.R. 3-6(b) ("Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause."). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004); *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id.* The burden of proving good cause rests with the party seeking the untimely amendment. *Id.*

### A. Explanation

In the context of untimely amendments to invalidity contentions, the first factor—explanation—requires the amending party to show it was diligent both in discovering ***and*** in disclosing the prior art references. *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799,

---

[1] While the instant Motion was pending for consideration before the Court, Uniloc and Google also submitted complete claim construction briefing. (*See* Dkt. No. 109; Dkt. No. 121; Dkt. No. 126).

3

2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (quoting *Symantec Corp. v. Acronis Corp.*, 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013)); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("We agree . . . that 'good cause' requires a showing of diligence.") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). When a party has diligently disclosed a prior art reference, "the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00493-JRG-RSP, 2019 WL 6465318, at *1 (E.D. Tex. Dec. 2, 2019) (quoting *Invensys*, 2014 WL 12598865, at *3) (alteration in original). To meet this standard, a party must "explain why, with reasonable diligence, [it] could not have discovered" the relevant prior art references "prior to the deadline for filing Invalidity Contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014). A party's failure to provide an adequate justification for its diligence materially weighs in favor of rejecting the proffered amended contentions, and "may even be sufficient standing alone to support exclusion" in circumstances where a party offers *no* substantial justification for its untimeliness. *See Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (collecting Fifth Circuit cases).

In this case, Google has failed to adequately demonstrate that it "exercised diligence in discovering" the Three Proposed References. *See Google*, 2019 WL 6465318, at *1 (quoting *Invensys*, 2014 WL 12598865, at *3). The Parties do not dispute that the Three Proposed References were all publicly available, and accessible to Google "prior to the deadline for filing Invalidity Contentions." *See Innovative Display Techs.*, 2014 WL 2796555, at *1. The question is thus whether Google has offered an adequate explanation for its failure to timely discover the Three Proposed References.

The Court finds that Google's explanation—Uniloc's "unforeseen" claim construction proposals—is inadequate. Google neither describes its initial efforts to conduct prior art research nor describes how Uniloc's claim construction proposals reasonably caused Google to engage in different search efforts. Google does not identify which claim construction terms gave rise to Google's ostensibly different prior art search. Nor does Google explain how Uniloc's proposed claim constructions were unforeseen in a manner that would justify untimely disclosure of the Three Proposed References. For example, Google does not identify new prior art search terms that arose based on Uniloc's proposals; Google does not identify new subject matter that would be covered by Uniloc's proposals; and Google does not offer any other substantive basis that would cause Google to take a different approach to searching for prior art than it had previously taken. Indeed, Google does not offer *any* specific explanation of how Uniloc's proposals relate to the Three Proposed References, or how the Three Proposed References are responsive to a substantive proposal from Uniloc. Instead, Google only offers a broad and conclusory statement that Uniloc's claim construction proposals were "unforeseen." Then, to compound this problem, when pressed by Uniloc for an explanation—particularly in light of the fact that Uniloc largely proposed plain meaning—Google stated that it could not go into further detail "[w]ithout revealing privileged internal discussions." (Dkt. No. 106 at 2). That response is inadequate. While Google is certainly entitled not to waive attorney client privilege with respect to this issue, it cannot use privilege as a shield to limit scrutiny of its justifications while using the same justifications as a sword to seek relief from the deadlines imposed by the Court.

Accordingly, this factor weighs against granting leave to supplement Google's validity contentions.

## B. Prejudice

This factor is broadly concerned with the prejudice that is likely to result from permitting the amendment. As an initial matter, the Court notes tension between Google's prejudice argument and Google's importance argument. For prejudice, Google argues that the Three Proposed References impose minimal prejudice because Uniloc need not "take any special action to accommodate these references." (Dkt. No. 106 at 4). Yet in responding to Uniloc's argument that the references are largely duplicative of prior art already listed in Google's invalidity contentions, Google firmly asserts that the Three Proposed References "are not mere substitutes; they uniquely describe key aspects" of the patent-in-suit. (*Id.* at 3). The tension between these assertions is clear—either the Three Proposed References are highly unique (and thus require Uniloc to perform additional, unique work to respond) or the Three Proposed References are cumulative of other prior art to a degree that no "special action" is needed to address them. The Three Proposed References cannot be both at the same time.

In this case, the prejudice and importance questions are intimately linked, both turning on the degree to which the Three Proposed References are similar or distinct from the other prior art which has already been listed in Google's existing invalidity contentions.[2] If the Three Proposed References are similar or substantively identical to the existing prior art, then the prejudice involved is lower, but so is the importance. Conversely, if the Three Proposed References offer unique or novel subject matter, their importance is higher, but so is the burden involved in responding to them.

---

[2] By focusing on the type of prejudice at issue in this case, the Court does not suggest that other types of prejudice may not exist. Even cumulative references may be prejudicial to the extent they create additional work or otherwise result in delay, a waste of resources, or other harm.

Neither party squarely addresses this issue. Google's argument that the Three Proposed References read closely on the patent-in-suit comes closest, but falls short of addressing whether such references offer a *unique* contribution. Absent either party identifying a unique substantive contribution from the Three Proposed References, the Court lacks a basis to conclude that the Three Proposed References would require unique additional work from Uniloc. Accordingly, the Court finds, as to prejudice, that this factor is neutral.[3]

### C. Importance

This factor focuses on both the importance of the evidence which may be excluded. *Samsung Elecs.*, 2019 WL 2267212, at *7; *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 n.7 (5th Cir. 2009) (affirming exclusion of evidence which was "clearly important" when district court left a separate viable damages theory "on which [the party] could proceed to trial"). As noted above, in the context of prior art, the importance of a given reference rises in proportion to the uniqueness of its substantive disclosures relative to other, previously-disclosed prior art. When a proposed reference's disclosures are substantively cumulative of the disclosures in other references that have already been identified in a party's invalidity charts, such proposed reference offers little or no value probative value and is unlikely to be important. Conversely, where a proposed reference includes subject matter that is not substantively disclosed by any other prior art in the case, the importance of the reference grows.[4]

---

[3] In addition to arguments about additional work responding to the Three Proposed References, Uniloc's other prejudice arguments—relating to claim construction—are similarly underspecified. Uniloc does not explain how the Three Proposed References would have changed its claim construction briefing or otherwise had a prejudicial effect. As with Google's argument, there is tension between Uniloc's importance claim ("the references are completely cumulative!") and its prejudice claim ("the references change everything!"). As with Google's argument, Uniloc's analysis on these two factors is largely a wash.

[4] Google cites a case from this District which it interprets to stand for the proposition that a prior art reference, no matter how cumulative or duplicative, must be deemed "important" for purposes

As discussed with respect to the foregoing factor, neither party has identified any disclosure in the Three Proposed References that is distinct from the other prior art which Google has identified and timely disclosed in its invalidity contentions. Accordingly, the Court has no basis to conclude that the Three Proposed References would constitute important evidence at trial or otherwise. Thus, the Court finds this factor is neutral.

### D. Continuance

This factor is concerned with the availability and utility of a continuance to cure any harm that may result from permitting the untimely amendment. Neither party seeks a continuance, nor does the Court find a continuance would be necessary or appropriate. Accordingly, the Court finds this factor is neutral.

### III. Conclusion

The Three Proposed References are public documents that Google failed to timely disclose in its invalidity contentions. Google has not carried its burden of good cause to excuse that late disclosure. Google has inadequately explained its diligence in discovering the Three Proposed References, and has accordingly failed to justify its untimely disclosure. The remaining factors—

---

of this factor. (*See* Dkt. No. 91 at 4) (citing *Alcatel USA Res., Inc. v. Microsoft Corp.*, No. 6:06-CV-500, 2008 WL 11348444, at *2 (E.D. Tex. Oct. 3, 2008) (Davis, J.) ("Prior art references potentially rendering a patent invalid are important.")). Google reads too much into a single sentence from that case. Judge Davis's opinion in *Alcatel* noted that, as in this case, there was tension between the patentee's argument that the proposed prior art references were prejudicial (because they included substantial new material) and the patentee's argument that the references were unimportant because they were cumulative. Judge Davis found the references to include substantial and important new material, based on the patentee's own representations under the prejudice prong, and thus held that importance factor weighed in favor of permitting an amendment. However, Judge Davis did not go as far as Google suggests: he did not announce a categorical rule that suggested courts should ignore case-specific context and automatically presume any reference, regardless of how cumulative, was important. Instead, Judge Davis was making a specific observation, in the context of the particular factual circumstances before him, about the particular references presented by the parties. Nothing more. Google's over-reading of *Alcatel* would, if adopted, convert the test into a one-factor test instead of a four-factor test.

prejudice, importance, and a continuance—are neutral. Accordingly, the Court finds, while viewing the totality of these circumstances in the context of this case, that Google's Motion for Leave to Supplement Invalidity Contentions (Dkt. No. 91) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 16th day of January, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE